IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK MADISON LOWE, )
)
Petitioner, )
)
v. ) Civil Action No. 3:15CV535–HEH
)
VIRGINIA COMMONWEALTH )
DEPARTMENT OF SOCIAL )
SERVICES, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION
(Denying Petition for a Writ of Mandamus)

Mark Madison Lowe, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Lowe seeks to "appeal[] an order regarding his motion to amend child support, which was filed in the General District Court for the County of Chesterfield ("General District Court"). (Pet. Writ Mandamus 5, ECF No. 1.) Lowe complains that the General District Court erred by:

> (1) allowing the Appellee, Ponnette Smith, or her counsel to exchange or modify a certified Maryland Court Order with a fake or faux Court Order; (2) the trial Court failed to recognize and identify which registration of foreign support order(s) were correct, valid, accurate, complete and enforce[a]ble; (3) the Court erred by allowing indefinite continuances in violation of Appellant's right to due process; and (4) the opposing counsel and Court erred by circumventing due process by loosing [sic], removing, destroying, and/or altering the historical record of the Clerk of the Court.

(*Id.* (spacing corrected).) Lowe requests that this Court "reverse . . . and void" Orders with respect to child support entered by the Virginia courts. (*Id.* at 11.)

## II. ANALYSIS

Lowe has petitioned this Court to issue a writ of mandamus directing the Virginia courts and the Virginia Department of Social Services to revise orders with respect to his child support obligations. This Court lacks jurisdiction to grant mandamus relief against state officials or other non-federal employees. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super. Ct. of Mecklenburg Cty*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this petition for a writ of mandamus will be denied and the action will be dismissed as legally frivolous. Lowe's Motion for Sanctions (ECF No. 30) will be

denied. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                /s/
Date: March 15, 2016         HENRY E. HUDSON
Richmond, Virginia         UNITED STATES DISTRICT JUDGE

3