IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK MADISON LOWE, )
  )
  Petitioner, )
  )
v. ) Civil Action No. 3:15CV535–HEH
  )
VIRGINIA COMMONWEALTH )
DEPARTMENT OF SOCIAL )
SERVICES, *et al.*, )
  )
  Respondents. )

## MEMORANDUM OPINION
### (Denying Motion for Reconsideration)

Mark Madison Lowe, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of mandamus. Specifically, Lowe petitioned this Court to issue a writ of mandamus directing the Virginia courts and the Virginia Department of Social Services to revise orders with respect to his child support obligations. This Court lacks jurisdiction to grant mandamus relief against state officials or other non-federal employees. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super. Ct. of Mecklenburg Cty*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, by Memorandum Opinion and Order entered on March 16, 2016, the Court dismissed the action as legally frivolous. *Lowe v. Va. Commonwealth Dep't of Social Servs.* No. 3:15CV535, 2016 WL 1070824, at *1 (E.D. Va. Mar. 16, 2016).

On March 25, 2016, the Court received from Lowe a motion seeking reconsideration of the above decision.[1] The Court construes the motion as one seeking relief under Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Lowe apparently seeks relief under the third ground. Lowe, however, fails to demonstrate that the Court committed a clear error of law or that vacating the March 16, 2016 Memorandum Opinion and Order is necessary to prevent manifest injustice. Accordingly, the Motion for Reconsideration (ECF No. 36) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 12, 2016
Richmond, Virginia

---

[1] Lowe indicated that he was seeking relief under Federal Rule of Civil Procedure 60(b). However, because the motion was filed within twenty-eight days March 16, 2016 Memorandum Opinion and Order, it must be considered as a motion seeking relief under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (citation omitted) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.").